I'm Gloria Torres from the Federal Defender's Office in Tucson, Arizona. In this case, Bartolo Rodriguez-Fuentes was sentenced to Would you hold the mic a little closer to me? It's hard to hear you. Yes. There we go. Thank you. Mr. Rodriguez was sentenced to 60 months for having reentered into the United States. Although the court gave him a below-guideline sentence, the court did not take into account specific factors under 18 U.S.C. 3553, including the factor which is set out first, which is the history and characteristics of Mr. Rodriguez. In addition, the circumstances of the offense itself were not taken into account. This is an offense which did not involve any violence, did not involve any financial or property damage. He was arrested when he was relatively close to the border, and he readily confessed to the arresting agent. His motivation for entering was to reunite with his family. Just to confirm, we got your letter that you were no longer making the 4A1.2 argument, and I just want to confirm that. Yes, Your Honor. That was with respect to the points counted for the revocation. Okay. Thank you for that. And then on the 3553A issue, now we have case law saying the district court doesn't have to tick off each of the points, and merely hearing the arguments saying that he reviewed the PSR and the like is enough, particularly here with a below-guideline sentence. What makes this case different? This makes it the circumstances in this case are different because in this case what the judge did was take the usual plea agreement, which does specifically does not take into account 3553 factors, that the plea agreements are based specifically on efficiency for the office of the U.S. attorney. There are no motions filed. There are no motion hearing. There is no need to respond to motions, and there is no trial. Counsel, at the sentencing hearing, were all of these arguments made to the judge? With respect to specific 3553 factors, yes. Some were addressed and spelled out in the objections to the pre-sentence report. I believe the attorney as well objected to the 16-level enhancement. He had received a document which on the morning of sentencing, and he objected to the fact that it was untimely. But, counsel, doesn't our case law say that if all of these objections are presented to the judge, and then the judge makes his or her determination regarding the appropriate sentence, that we presume that the judge considered all of those factors? That might apply had the judge not mentioned it. Well, he did not mention any of those factors, but specifically indicated that he was beginning with what the usual plea agreement is, which omits all of those factors. So it did say, I reviewed your report. So it reviewed the PSR, which had the information. It mentioned, the district court mentioned the sentencing disparity. And in U.S. v. Carter and other cases, we've said that's probably enough. In this particular case, it would appear that those he, regardless of the fact that he looked at the PSR, and I might add that the pre-sentence report gave pretty much a gloss over of his background. It did indicate that he was raised in poverty, that he had been abandoned at one year of age. But it really did not go into his motivation. It did not describe his childhood or what effect it had on his later drug addiction and his desire for a family, his motivation to return to the United States. Didn't the defense counsel raise that at the sentencing, so the district court was heard all of those factors highlighted by the defense counsel? The judge did not address any of those. He went straight to what the usual plea agreement is in these cases. And by definition, those plea agreements do not contemplate any of the characteristics of the defendant. They do not contemplate taking into account even how the offense occurred or the circumstances of the offense. They are strictly targeted toward efficiency, toward streamlining everything for the office of the U.S. attorney. And in placing him in exactly the same position, this is what Booker and other cases have felt is that each individual defendant is to be treated as an individual and that his circumstances, his background, his motivation, how the offense occurred, the type of offense, the seriousness of the offense, all of those things are to be looked at by the court. When the court went strictly to the considerations that are taken into account by the office of the U.S. attorney, it was more or less sidestepping what it is that the statute and certainly all of the spirit of the guidelines require, that the person be treated as an individual. And that is what I think Mr. Rodriguez was expecting when he pled straight up to the indictment. Counsel, what sentence did your client request? He requested 33 to 41 months, a range of 33 to 41 months. And the probation department recommended 90 months. That's correct, Your Honor. And the court gave 60 months. So it went below the applicable guideline range. It went below what the probation officer had calculated as the guideline range and what the court had indicated he would accept as the guideline range. Yes. It was not what the – what had been proposed by defense counsel. Did you want to save some time for rebuttal? Yes, I do. All right. Thank you, counsel. We'll hear from the government. Thank you. May it please the Court. My name is Bruce Fergus, assistant United States attorney on behalf of the government in this case. The defense has gone straight to the 3553A factors, and it's clear that what the district court judge did here was commensurate with all of this Court's precedents. He stated on the record that he had looked at the PSR, which described all of these factors. He stated that he had considered the defendant's, quote, objections, and – which, again, listed all of these. And as a matter of fact, the defense counsel below indicated that he was not even going to go over those same issues again because he was aware that the district court was aware of them. And so it's very clear that all of these factors that are now being argued on appeal were, in fact, presented to the district court. And as Rita says, when you've got a conceptually simple case, you don't have to go on at great length. This court has said there doesn't need to be a checklist kind of recitation of all the factors to show that the district court is, in fact, considering them. So everything was in front of the judge. He said he'd read it all. And then, actually, in imposing sentence, what did he do? He didn't just say, I'm going to allow you to plead or to be sentenced in accordance with the plea agreement that you rejected. He also looked at the defendant individually, particularly in terms of his criminal history and the fact that he had not previously had any immigration-related offenses. And, in fact, that was the main reason why the district court gave the below guideline sentence. He said, in a sense, you weren't on notice how bad this kind of a violation could be. So unless this court is going to take a very drastic, different approach to what the district court needs to consider in order for it to be sufficient than all of the circuit's other prior cases, this is simply an essentially run-of-the-mill case where the district court looked at everything, listened to the arguments, and decided to highlight one particular factor or a couple of particular factors in arriving at the sentence. Now, I understand that the defendant has conceded the criminal history point issue. Nothing was argued about the 16-level enhancement. I can address that if the court needs it. But I would suggest that the case law cited in the answering brief clearly shows that when you put together the information which narrowed the offense to the generic sale of drugs offense with the abstract of judgment, you have sufficient judicially noticeable documentation quite aside from the guilty plea statement, which also is brought to the court's attention. If the court has any questions. Any questions, Judge Hogg? No, I don't. It appears not, counsel. Thank you. Rebotto. Your Honor, the government indicates that Judge Collins considered the objection – objections that were filed. I did not find that in the record. I did find at the sentencing hearing that he overruled defense counsel's objection to the untimely presentation of some document that he had received at the time on the morning of sentencing. With respect to the consideration of Mr. Rodriguez's history, criminal history, that was mentioned. He did not, however, indicate any consideration of his background, the fact that he had been abandoned, and his motivation was to return so that his own children would not grow up feeling abandoned. With respect to the 16-level enhancement, defense counsel did object to that. I do not believe that it was addressed by the court. It was – and it was based on the document that he received in the – on the morning of sentencing that had not previously – Counsel, even without that document, wouldn't the information and the abstract together still serve the same purpose? The abstract was essentially the only thing that had in it that the – the offense, the specific offense. However, it did not indicate as indicated – as set forth in the information that it only had one statement there. There was – Didn't it refer back to count one of the information? I'm not sure that the document itself did. But the abstract said he was convicted of count one, and count one in the information charged him with sale. So there was a cross-reference between the two documents. I believe that the information itself came from the office of the U.S. attorney. I am not sure what specifically he had pled to other than what was submitted later on – on appeal. But we're not talking about the plea – the plea – plea statement. We're just talking about the information and the abstract that were already before the court. I think that there is already case law that the abstract by itself does not – is not sufficient. Right. The abstract by itself is not sufficient. The information by itself is not sufficient. But the two of them together, if they are properly linked, can be sufficient. The – that was the government's position, and that was the argument at sentencing that it was not sufficient. Why is that not correct? If you have the two, that's all you need, isn't it? The defense counsel did not preserve what may have happened with respect to the information or what had occurred with respect to what Mr. Rodriguez was pleading to. I did not have that information. I had only – I had only the information itself that was provided and the abstract itself. Right. But is there a case you're relying upon to support your argument that the abstract and the information together, if linked, would be insufficient to show the past offense? I cannot think of one other than the one that was cited by defense counsel, which I believe was Reese Vidal. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the Court.
judges: Hug, Rawlinson, Ikuta